[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 21, 1976 at Warsaw, Poland. The plaintiff has resided continuously in Connecticut for the past two and one-half years. The parties have a daughter who has reached her majority. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff and defendant are both 47 years old. They hold college degrees obtained in Poland. They emigrated to the United States in 1989. The plaintiff is employed by a travel bureau located in New York City, and the defendant works as a legal assistant at the Polish consulate. The defendant suffers from Addison's disease but is not disabled as a result of her condition.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82 and 46b-62
in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. The plaintiff shall pay to the defendant as periodic alimony the sum of $1,450 per month. The payments shall commence on May 1, 1998 and on the first of each month thereafter until the death of either party or the defendant's remarriage, whichever event first occurs. When the defendant reaches the age of 60, if the plaintiff is still paying periodic CT Page 5699 alimony, the plaintiff may request the court to review the financial situations of the parties in light of the Criteria in Section 46b-82 of the General Statutes to determine if the alimony obligation should be terminated or continued in a different amount. A contingent wage withholding order may enter.
2. To secure the alimony obligation, the plaintiff shall obtain term life insurance in the amount of $125,000 with the defendant named as irrevocable beneficiary for as long as the plaintiff is obligated to pay periodic alimony. On July 1st of each year the plaintiff shall furnish the defendant with proof of such insurance coverage.
3. The parties own a co-operative apartment in Warsaw, Poland. The defendant shall have the option to buy the plaintiff's interest for the sum of $10,500 or to promptly sell the co-op and divide equally with the plaintiff the net proceeds of sale. The defendant shall notify the plaintiff by July 1, 1998 of her election. The court reserves jurisdiction over any issues that may arise as to the terms of sale of the co-op or as to the method of payment by the defendant to the plaintiff if the defendant wishes to buy the plaintiff's interest. The parties shall execute all documents required to transfer ownership of the co-op, either to the defendant or to a buyer.
4. Each party shall retain the assets listed on his or her financial affidavit that have not been referred to in this memorandum.
5. The plaintiff shall cooperate in the defendant's exercising her COBRA rights as to the health insurance coverage held by the plaintiff. The cost of medical insurance for the defendant shall be borne by the defendant.
6. Each party shall be responsible for his and her own counsel fees.
Judgment may enter accordingly.
NOVACK, J.